UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | DOCKET NO. 1:24CR 39- MR-WCM |
| | ) | |
| v. | ) | **BILL OF INDICTMENT** |
| | ) | |
| (1) DONALD EDWARD MANNEY | ) | 18 U.S.C. § 1028A |
| (2) ROBERT SHYROME MCNEIL | ) | 18 U.S.C. § 1344(2) |
| (3) ACREL CHARLES SIMON | ) | 18 U.S.C. § 1349 |
| | ) | 18 U.S.C. § 2113(a) |

**THE GRAND JURY CHARGES:**

### COUNT ONE
(CONSPIRACY TO COMMIT BANK FRAUD)

Beginning on or about October 4, 2023, and continuing through on or about April 10, 2024, in Henderson County, within the Western District of North Carolina, and elsewhere,

> (1) DONALD EDWARD MANNEY
> (2) ROBERT SHYROME MCNEIL
> (3) ACREL CHARLES SIMON

conspired with each other, and with others known and unknown to the Grand Jury, to commit offenses under Chapter 63 of Title 18 of the United States Code, those being bank fraud.

*Object of the Conspiracy*

The object of the conspiracy was to use fraudulent means of identification to impersonate customers of financial institutions for the purpose of making unauthorized withdrawals of funds from victims' accounts.

1

*Manner and Means*

MCNEIL, SIMON, and others, known and unknown to the Grand Jury, recruited homeless individuals ("recruits") to pose as financial institution customers. MCNEIL, SIMON, and others provided the recruits with fraudulent identification documents containing the personal identifying information of financial institution customers but displaying the photographs of the recruits.

MCNEIL, SIMON, and others drove the recruits to various financial institutions in North Carolina and other states on the east coast to conduct the fraudulent scheme. MCNEIL, SIMON, and others directed the recruits to pose as customers and present the fraudulent identification documents to the financial institutions. The recruits then requested to make unauthorized withdrawals of funds. If the withdrawal was successful, MCNEIL, SIMON, and others intended to keep most of the withdrawn funds for themselves and provide the recruits with payments of drugs or money.

*Overt Acts*

Amongst other overt acts, MANNEY, MCNEIL, and SIMON engaged in the following:

1. On or about March 27, 2024, MCNEIL encountered MANNEY and recruited him to participate in the fraudulent scheme.

2. On a date unknown to the Grand Jury, but occurring between or about March 25, 2024, and on or about April 10, 2024, MANNEY received fraudulent means of identification bearing the names and personal identifying information of victim "E.S." and others. These false forms of identification bore MANNEY's photograph so that MANNEY could fraudulently assume the identities of the victims, including E.S. On April 10, 2024, SIMON possessed additional fraudulent means of identification bearing MANNEY's photograph but with the names and personal identifying information of other financial institution customers, which SIMON intended MANNEY to use to make unauthorized withdrawals in furtherance of the scheme.

3. From between on or about April 1, 2024, and April 10, 2024, MCNEIL, SIMON, and MANNEY traveled to Raleigh, North Carolina where they

attempted the fraudulent scheme at various financial institutions.

4. On April 10, 2024, MCNEIL drove MANNEY and SIMON to the Mountain Credit Union in Fletcher, North Carolina, which is within the Western District of North Carolina. MCNEIL and SIMON provided MANNEY a wireless cellular headset to wear in the credit union so that they could direct MANNEY remotely as he executed the scheme.

5. On April 10, 2024, MANNEY presented the false identification for E.S., a customer of Mountain Credit Union, to an employee of the Mountain Credit Union in Fletcher, North Carolina, and falsely represented himself to be E.S. MANNEY fraudulently requested a $5,200 withdrawal from E.S.'s Mountain Credit Union account.

All in violation of Title 18, United States Code, Sections 1344(2) and 1349.

## COUNT TWO
### (FINANCIAL INSTITUTION FRAUD)

On or about April 10, 2024, in Henderson County, within the Western District of North Carolina, and elsewhere,

> (1) DONALD EDWARD MANNEY
> (2) ROBERT SHYROME MCNEIL
> (3) ACREL CHARLES SIMON

knowingly executed, and attempted to execute, a scheme and artifice to obtain the moneys, funds, credits, assets, securities, and other property owned by, and under the custody or control of, a financial institution, that is Mountain Credit Union, by means of false and fraudulent pretenses, representations, and promises, and did aid and abet each other in so doing.

All in violation of Title 18, United States Code, Sections 1344(2) and 2.

3

## COUNT THREE
(AGGRAVATED IDENTITY THEFT)

On or about April 10, 2024, in Henderson County, within the Western District of North Carolina, and elsewhere,

> (1) DONALD EDWARD MANNEY
> (2) ROBERT SHYROME MCNEIL
> (3) ACREL CHARLES SIMON

during and in relation to a felony enumerated in 18 U.S.C. § 1028A(c)(5), that is bank fraud, knowingly transferred, possessed, and used, without lawful authority, a means of identification of another person, that being, the name and date of birth belonging to E.S., and did aid and abet each other in so doing.

All in violation of Title 18, United States Code, Sections 1028A(a)(1) and 2.

## COUNT FOUR
(BANK ROBBERY)

On or about April 10, 2024, in Henderson County, within the Western District of North Carolina,

> (1) DONALD EDWARD MANNEY
> (2) ROBERT SHYROME MCNEIL
> (3) ACREL CHARLES SIMON

knowingly and willfully entered a credit union, that being Mountain Credit Union in Fletcher, North Carolina, the deposits of which were then insured by the National Credit Union Administration, with intent to commit in such credit union a larceny and a felony affecting such credit union, that being bank fraud, and did aid and abet each other in so doing.

All in violation of Title 18, United States Code, Section 2113(a), 1344, and 2.

# NOTICE OF FORFEITURE AND FINDING OF PROBABLE CAUSE

Notice is hereby given of 18 U.S.C. § 924 and 28 U.S.C. § 2461(c). Under Section 2461(c), criminal forfeiture is applicable to any offenses for which forfeiture is authorized by any other statute, including but not limited to 18 U.S.C. § 981 and all specified unlawful activities listed or referenced in 18 U.S.C. § 1956(c)(7), which are incorporated as to proceeds by Section 981(a)(1)(C). The following property is subject to forfeiture in accordance with Section 924 and/or 2461(c):

a. All property which constitutes or is derived from proceeds of the violations set forth in this bill of indictment;

b. All firearms and ammunition involved or used in such violations; and

c. If, as set forth in 21 U.S.C. § 853(p), any property described in (a) or (b) cannot be located upon the exercise of due diligence, has been transferred or sold to, or deposited with, a third party, has been placed beyond the jurisdiction of the court, has been substantially diminished in value, or has been commingled with other property which cannot be divided without difficulty, all other property of the defendant/s to the extent of the value of the property described in (a) and (b).

DENA J. KING
UNITED STATES ATTORNEY

DAVID A. THORNELOE
ASSISTANT UNITED STATES ATTORNEY

A TRUE BILL:

Grand Jury Foreperson